IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>CHUKWUEBUKA MADUEKE ARINZE,<br><br>Defendant. | **8:22CR88**<br><br><br>**FINDINGS**<br><br>**AND RECOMMENDATION** |

This matter comes before the court on Defendant's Motion to Dismiss and Request for Hearing (Filing No. 24), supporting brief (Filing No. 24-1), and the Government's opposition brief (Filing No. 28).[1] The matter was referred to the undersigned for Findings and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). Defendant seeks to dismiss the sixteen-count indictment charging him with wire fraud and aggravated identity theft pursuant to 18 U.S.C. §1343 and 18 U.S.C. §1028A. Among other things, Defendant argues that the Indictment fails to establish a sufficient nexus between him and the alleged wire communications and that it does not fairly inform him of the nature of the accusations. The Government argues in response that the motion is an improper attempt to challenge the sufficiency of the evidence. The Government further argues that the Indictment contains all of the essential elements of the charged offenses, contains specific references to the Defendant's involvement in those offenses, and fairly informs him of the charges against

---

[1] The Government requested leave to file a supplemental brief, which the court granted as unopposed. (Filing No. 25 and 29). The government did not file a supplemental response and the court finds now that any supplemental briefing by the Government is unnecessary and the motion can be decided on the record presented.

which he must defend. Upon careful review, and for the following reasons, the undersigned will recommend that the motion be denied.

## I.    FACTS

For purposes of this motion to dismiss, the court considers the allegations asserted in the criminal indictment (Filing No. 1), as well as the facts summarized by the parties in their briefs. According to the Indictment, Defendant resided in and is a citizen of Nigeria and Victims 1-14 reside in Nebraska. The Government has charged Defendant Chukwuebuka Madueke Arinze with 14 counts of wire fraud and 2 counts of aggravated identity theft related to false and fraudulent applications for relief through the Coronavirus Food Assistance Program (CFAP). CFAP is administered through the USDA's Farm Service Agency (FSA) and Agricultural Marketing Service (AMS). (Filing No. 1). The purpose of CFAP was to provide financial assistance to producers of agricultural commodities to assist with absorbing losses in sales and increased marketing costs due to the COVID-19 pandemic. (Filing No. 1).

As to Counts I-XIV (Wire Fraud), the Indictment alleges that Defendant Arinze "devised a scheme to defraud by submitting and causing to be submitted false and fraudulent CFAP2 applications to the USDA FSA Offices in Nebraska in the names of 12 Nebraska dairy producers and two Nebraskans who he falsely represented to be active dairy producers." (Filing No. 1 at 3). The Indictment alleges further details of the manner and means underlying the 14 counts, specifically alleging that CFAP2 applications containing personal identifying information of Nebraska residents contained forged signatures and inaccurate dairy production numbers for the dairy operations of the victims. The Indictment alleges Arinze contacted the USDA FSA offices in Nebraska using voice over internet protocol to inquire about the status of certain applications, and each of the applications contained email addresses which were controlled by Arinze. The Indictment alleges:

34. For the purpose of executing the above described scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promise, the defendant Chukwuebuka

2

Madueke Arinze, did knowingly cause to be transmitted by means of wire communications in interstate commerce, certain writings, signs and signals for the purpose of executing the scheme and artifice to defraud, in that, the defendant Chukwuebuka Madueke Arinze, did cause the transmission of electronic CFAP2 application and ACH forms by wire communications as described below, each of the below said wire communications constituting a separate count:

(Filing No. 1 at 5). The Indictment then set forth a table of fourteen counts marked with the date and the type of wire communication allegedly transmitted by defendant in violation of Title 18, United States Code, Section 1343.

As to Count XV (Aggravated Identity Theft), the Indictment states:

36. On or about September 28, 2020, in the District of Nebraska and elsewhere, the defendant Chukwuebuka Madueke Arinze, did knowingly and without lawful authority use a means of identification of another person, to wit: the Social Security Number of Victim 1, during and in relation to Wire Fraud in violation of title 18, United States Code, Section 1343.

In violation of Title 18 United States Code, Section 1028A(a)(1) & (c)(5).

(Filing No. 1 at 7-8).

As to Count XVI (Aggravated Identity Theft), the Indictment states:

38. On or about October 6, 2020, in the District of Nebraska and elsewhere, the defendant Chukwuebuka Madueke Arinze, did knowingly and without lawful authority use a means of identification of another person, to wit: the Social Security Number of Victim 2, during and in relation to Wire Fraud in violation of Title 18, United States Code, Section 1343.

In violation of Title 18 United States Code, Section 1028A(a)(1) & (c)(5).

(Filing No. 1 at 8).

## II.    STANDARD OF REVIEW

Under Fed. R. Crim. P. 12(b)(3)(B)(v), a defendant may move to dismiss an indictment for failure to state an offense. In reviewing a motion to dismiss an indictment for failure to state an offense, the Court accepts the allegations stated in the indictment as

3

true, and asks whether they can form the basis of the charged offense. *United States v. Hansmeier*, 988 F.3d 428, 436 (8th Cir. 2021). An indictment survives a motion to dismiss for failure to state an offense if it contains a facially sufficient allegation. *United States v. Sholley-Gonzalez,* 996 F.3d 887, 893 (8th Cir. 2021). An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. *Id*. An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted. *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008); accord *Hansmeier*, 988 F.3d at 436. Whether an indictment sufficiently states an offense, then, depends on the elements of the charged offense. *Hansmeier*, 988 F.3d at 436 (8th Cir. 2021).

### III.    ANALYSIS

In support of his motion, Defendant Arinze alleges he is a business owner and had many employees who had access to the company's office space, computers, and other technological equipment. He maintains that his employees were responsible for using company technology to create, submit, and follow up on the fraudulent CFAP applications without his knowledge or consent. Defendant argues that the Indictment relies on "conclusory statements" that Arinze "sent" email communications or "used" voice over internet protocol without identifying the particular acts Arinze took to satisfy the elements of the offense. (Filing No. 24-1 at 4). Arinze alleges the Indictment is deficient as it fails to "establish a sufficient nexus between Arinze and the specific wire communications underlying each count." (Filing No. 24-1 at 2). As a result, he requests dismissal of the Indictment and a hearing on his motion. At trial Arinze is "free to dispute the facts, offer alternative explanations for his conduct, or provide context to any of the actions alleged," but at this stage of the proceedings the defendant's possible defenses are not relevant to the court's consideration of whether the indictments properly state a basis for the charged offenses. *See Hansmeier,* 988 F.3d at 438.

4

For purposes of the motion to dismiss, the question of whether the facts in the Indictment adequately state an offense for wire fraud turns on the elements of the offense. The Eighth Circuit has held that "[a] slightly greater level of detail is required for the bank, mail, or wire fraud statutes, for which an indictment must specify facts … with such reasonable particularity as will apprise the defendant, with reasonable certainty, of the nature of the accusation and as will enable the court to say that the facts stated are sufficient in law to support a conviction. See *Hansmeier,* 988 F.3d at 436 (internal quotations omitted). The elements of wire fraud are "(1) a scheme to defraud by means of material false representations or promises; (2) intent to defraud, (3) reasonable foreseeability that the [wire] would be used, and (4) that the [wire] was used in furtherance of some essential step in the scheme." *United States v. Nolde*, No. 8:24-CR-23, 2026 WL 92096, at *27 (D. Neb. Jan. 13, 2026) (quoting *United States v. Welker*, 75 F.4th 820, 822 (8th Cir. 2023)). To prove the existence of a fraudulent scheme, the government must establish: "(1) there was a deliberate plan of action or course of conduct to hide or misrepresent information; (2) the hidden or misrepresented information was material; and (3) the purpose was to get someone else to act on it." *Hansmeier*, 988 F.3d at 436 (quoting *States v. Luna*, 968 F.3d 922, 926 (8th Cir. 2020)).

The court finds the charging documents in this case have alleged specific facts, which taken as true, support each element of the wire fraud offenses for which Arinze was charged. Specifically, the Indictment alleged Arinze engaged in a deceptive scheme to submit or cause to be submitted false and fraudulent CFAP2 applications using personal identifying information of the victims and using digital communications to transmit information in interstate commerce. It alleges the victims did not consent to their information being used for the applications and the payment information provided on the ACH forms was not linked to the victims, it was instead routed to prepaid debit card accounts operated by GreenDot Bank. The Indictment contains specific facts showing a deliberate course of conduct using false or fraudulent information to obtain funds and/or to cause a loss. Thus, if proven, "the conduct recounted in the indictment constitutes a

'scheme ... for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.'" *Hansmeier*, 988 F.3d at 438 (quoting 18 U.S.C. § 1343).

Defendant's argument that the Indictment contains only conclusory statements without identifying particular acts by Defendant because it alleges he "used" VOIP and "sent" email communications is incorrect. The Indictment clearly states that Arinze "used a voice over internet protocol (VOIP) number, 251-XXX-XXXX, to call USDA FSA offices in Nebraska to inquire about the status of two of the CFAP2 applications." (Filing No. 1 at 4). Further, each wire fraud count identifies a specific email "sent by defendant" on an identified date related to each of the alleged fraudulent CFAP2 applications. (Filing No. 1 at 5-7). The Indictment lays out a sufficient basis for the government's charges and informs the court and the parties involved of the facts underlying the charges. Therefore, the defendant's motion to dismiss the charging documents for failure to state a claim for wire fraud should be denied.

As to the charges of aggravated identity theft, the statute defines the offense as follows: "Whoever, during and in relation to any felony violation enumerated in subsection (c) knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years." 18 U.S.C. 1028A. For purposes of the statute, the term "felony violation enumerated in subsection (c)" includes any offense that is a felony violation of "(5) any provision contained in chapter 63 (relating to mail, bank and wire fraud)". 18 U.S.C. 1028A. On its face, the Indictment sufficiently alleges two violations of 18 U.S.C. of 1028A for aggravated identity theft in Counts XV and XVI. Specifically, the Indictment alleges that Arinze knowingly and without lawful authority used the social security numbers of Victims 1 and 2 during and in relation to Wire Fraud in violation of Title 18, United States Code, Section 1343.

Because the facts in the Indictment, accepted as true, describe a fraudulent scheme prohibited by federal law, and unauthorized use of social security numbers in furtherance

6

of the wire fraud scheme, Arinze cannot succeed in his claim the charges in the Indictment are facially insufficient.

IT IS THEREFORE RECOMMENDED to Chief United States District Judge Robert F. Rossiter Jr. pursuant to 28 U.S.C. §636(b) that Defendant's Motion to Dismiss (Filing No. 24) be denied without a hearing.

The Defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

Dated this 27th day of May, 2026.


BY THE COURT:


s/ Ryan C. Carson
United States Magistrate Judge

7